Per Curiam

The negotiability of a bill or note may be restrained by indorsement, or by special words in the body of the note itself; and if it could not, yet the origi-na/ payee, having the bill or note in his possession, is evidence of the note having been returned to him by the indorsee after the indorsement; and if a payee indorses by a general or special indot semeut, and the assignee cannot obtain payment of die draper, or maker of the bill or note, he may call upon the indorser, and he is Compellable to pay the money aud take back the bill or. note j and if in such case the indorser or payee could not sue the maker in his own name because of the in-dorsement, he could not recover at all. He may strike out the indorsement, or recover without striking it our — . his possession of the bill or note being' evidence of such a repayment, until the contrary be shewn. Show. 163. Lutw. 885, 888, 896—So there was a verdict and judgment f.r the Plaintiff.
Noth. — Vide L. Ray. 743, where the indorser, who was in possession oi the bill, having paid it to the last indorsee, ■ as nonsuited for not producing a receipt for the moee.i paid from 'he Iasi indorsee— but the chief-Justice Holt thought proof «fine pie ment would have been sufficient without the receipt. The fact in the cited case was, that Hook the pay -e, had endorsed to Benton, who was an attorney, thai he might institute the suit in ids own came, but to the use of Booh — Benton gave nothing for the bill, and died before toe com-mencem -¡it of the intended action, tvher ,up.-n the bill was returned by the Executors to Book.
Note. — Vide Drew v- Jacoeks’s Adm’r. 2 Murph. 138. Book v. Caswell and the note thereto, ante 18.